IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DERYL BAKER** | § | **PLAINTIFF** |
| | § | |
| | § | |
| v. | § | Civil No. 1:20cv230-HSO-JCG |
| | § | |
| | § | |
| **STATE OF MISSISSIPPI, et al.** | § | **DEFENDANTS** |

### ORDER OVERRULING PLAINTIFF DERYL BAKER'S OBJECTION [10]; ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [9]; AND DENYING PLAINTIFF'S APPLICATION [8] TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

BEFORE THE COURT is Plaintiff Deryl Baker Objection [10] to the Report and Recommendation [9] of United States Magistrate Judge John C. Gargiulo, which was entered in this case on September 9, 2020. Based upon a review of the parties' submissions, the record, and relevant legal authority, the Magistrate Judge recommended that Plaintiff's Application [8] to Proceed in District Court Without Prepaying Fees or Costs be denied.

After thoroughly reviewing Plaintiff's Objection [10], the Magistrate Judge's Report and Recommendation [9], Plaintiff's Application [8], the record, and relevant legal authority, the Court finds that Plaintiff's Objection [10] should be overruled, that the Magistrate Judge's Report and Recommendation [9] should be adopted, and that Plaintiff's Application [8] to Proceed in District Court Without Prepaying Fees or Costs should be denied. The Court will require Plaintiff to pay the $400.00 filing fee within 90 days of entry of this Order.

I. BACKGROUND

Plaintiff Deryl Baker ("Plaintiff") filed a Complaint [1] in this Court on July 13, 2020, along with an Application [2] for Leave to Proceed in forma pauperis ("IFP"). The Magistrate Judge denied Plaintiff's Motion [2] without prejudice to Plaintiff's right to file a properly completed Application.

On September 9, 2020, Plaintiff filed the present Application [8] to Proceed in District Court Without Prepaying Fees or Costs. The Magistrate Judge considered Plaintiff's Application [8] and determined that, based upon the applicable poverty guidelines and the financial information provided, Plaintiff has the financial resources to pay the $400.00 civil filing fee without undue hardship or deprivation of the necessities of life if given a reasonable amount of time to tender the requisite amount. *See* R. & R. [9] at 3. Therefore, the Magistrate Judge recommended that Plaintiff's Application [8] be denied, that Plaintiff be required to pay the $400.00 civil filing fee ($350.00 filing fee + $50.00 administrative fee) within 90 days, and that should Plaintiff fail to timely pay the civil filing fee, this matter be dismissed without prejudice. *See id.*

Any Objection by Plaintiff to the Magistrate Judge's Report and Recommendation [9] was due on or before September 28, 2020. *See* Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 72(b)(2); L.U. Civ. R. 72(a)(3). Plaintiff's Objection [10], however, was untimely, as it was not received and filed by the Clerk of Court until October 1, 2020. *See* Obj. [10].[1]

---

[1] While the Objection [10] is dated September 26, 2020, *see* Obj. [10] at 5, there is no indication that the "mailbox rule" would apply in this case. Moreover, the envelope

2

II. DISCUSSION

A. Plain error review

A party who properly files objections before the applicable deadline perfects the right to a de novo review of all portions of a magistrate judge's report and recommendation to which the party has objected. *Scott v. Alford*, 62 F.3d 395, 1995 WL 450216, at *2 (5th Cir. 1995) (citing 28 U.S.C. § 636(b)(1)). Conversely, a party waives that entitlement by failing to object to the magistrate judge's recommendations within the applicable 14-day time period, and district courts need not consider late objections. *Id.*

Because Plaintiff's Objection [10] was late, the Court need not consider it, and the Objection [10] will be overruled on that basis as untimely. When a party has not properly objected to a magistrate judge's report and recommendation, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court concludes that the Magistrate Judge's finding that Plaintiff has the financial resources to pay the $400.00 civil filing fee is not clearly erroneous, nor is it an abuse of discretion or contrary to law. The Court will therefore adopt the Magistrate Judge's Report and Recommendation [9] and deny Plaintiff's Application [8] to proceed IFP.

B. Alternative de novo review

Even if Plaintiff's Objection [10] were deemed timely and the Court were to

---

containing Plaintiff's Objection was not postmarked until September 29, 2020, which was after any Objection was due. *See* Env. [10-1] at 1.

3

consider it, the result would not change. Under that scenario, the Court would make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

28 U.S.C. § 1915(a) provides access to the courts if a plaintiff does not have financial resources to pay any part of the statutory filing fee. *See generally Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). However, "[t]here is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citing 28 U.S.C. § 1915).

A movant need not be "absolutely destitute" to obtain IFP status. *Burch v. Ford Motor Credit Co., L.L.C.*, 807 F. App'x 383, 383 (5th Cir. 2020) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Instead, "the proper inquiry is whether the movant can afford the costs of litigation without undue hardship or deprivation of life's necessities." *Id.* (citing *Adkins*, 335 U.S. at 339). "Whether a party may proceed IFP in the district court is based solely upon economic criteria." *Bell v. Children's Protective Servs.*, 506 F. App'x 327, 328 (5th Cir. 2013) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).

This Court and other courts in this Circuit have utilized the applicable poverty guidelines to assess applicants' financial condition. *See Magee v. Walmart Store 1168*, No. 2:16cv64-KS-MTP, 2016 WL 11698789, at *1 (S.D. Miss. May 13, 2016); *see also, e.g., Kennedy v. United States*, No. 4:19-CV-144-Y(BJ), 2019 WL

4

3359392, at *1 (N.D. Tex. Feb. 19, 2019), *report and recommendation adopted*, 2019 WL 3340621 (N.D. Tex. July 25, 2019); *Williams v. Louisiana*, No. CV 14-00154-BAJ-EWD, 2017 WL 3124332, at *2 (M.D. La. Apr. 14, 2017); *Hodges v. Manchester*, No. 1:16-CV-01394, 2016 WL 7435996, at *2 (W.D. La. Nov. 14, 2016), *report and recommendation adopted*, 2016 WL 7436058 (W.D. La. Dec. 21, 2016). The applicable poverty guideline for a single adult is an annual income of $12,760.00. *See* Health and Human Services Department Poverty Guidelines, available at https://www.federalregister.gov/documents/2020/01/17/2020-00858/annual-update-of-the-hhs-poverty-guidelines (last visited January 7, 2021).

A review of the financial information submitted by Plaintiff reflects that his average monthly income during the past 12 months was $1,100.00, equating to an annual income of $13,200.00, which is above the applicable poverty guideline. *See id*; App. [8] at 1-2. Plaintiff's stated monthly expenses of $1,040.00 are less than his reported monthly income, *see* App. [8] at 1-2, 4-5, and some of those expenses include discretionary purchases, such as $150.00 a month spent on "Recreation, entertainment, newspapers, magazines, etc.," *id*. at 4.

Thus, even under a de novo review of the record, the Court agrees with the Magistrate Judge that Plaintiff has the financial resources to pay the $400.00 civil filing fee without undue hardship or deprivation of the necessities of life, if given a reasonable amount of time to tender the fee. The Court finds that 90 days is a reasonable amount of time to do so based upon Plaintiff's financial resources. Therefore, even under a de novo review, Plaintiff's Objection [10] would be overruled, the Magistrate Judge's Report and Recommendation [9] would be

adopted, and Plaintiff's Application [8] would be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Deryl Baker's Objection [10] to the Report and Recommendation [9] of United States Magistrate Judge John C. Gargiulo is **OVERRULED**, and the Report and Recommendation [9] is **ADOPTED** as the finding of the Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Deryl Baker's Application [8] to Proceed in District Court Without Prepaying Fees or Costs is **DENIED**, and if Plaintiff wishes to maintain this action, he is required to submit the $400.00 filing fee to the Clerk of Court within 90 days of entry of this Order.  **Plaintiff is cautioned that, should he fail to timely pay the civil filing fee, this civil action will be dismissed without prejudice and without further notice to Plaintiff.   Plaintiff is further warned that failure to keep this Court informed of his current address may result in this case being dismissed.**

**SO ORDERED AND ADJUDGED**, this the 7th day of January, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE