IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DERYL BAKER** | § § § | **PLAINTIFF** |
| **v.** | § § § | **Civil No. 1:20cv230-HSO-BWR** |
| **JAIMIE WABEL,** *et al.* | § | **DEFENDANTS** |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS
JAIMIE WABEL, KEVIN HINES, KEVIN SHARPE, AND STONE
COUNTY, MS'S MOTION [57] FOR JUDGMENT ON THE PLEADINGS;
DENYING AS MOOT THEIR MOTION [65] TO STRIKE PLAINTIFF'S
UNAUTHORIZED SURREPLY [64]; AND STAYING
AND ADMINISTRATIVELY CLOSING CASE**

BEFORE THE COURT are Defendants Jaimie Wabel, Kevin Hines, Kevin Sharpe, and Stone County, MS's Motion [57] for Judgment on the Pleadings and their Motion [65] to Strike Plaintiff Deryl Baker's unauthorized Surreply [64]. After consideration of the Motions, related pleadings, the record, and relevant legal authority, the Court finds that Defendants' Motion [57] should be denied without prejudice and that their Motion [65] to Strike should be denied as moot. The Court will stay and administratively close this case until the pending state criminal charges against Plaintiff related to this case are fully and finally resolved.

I. BACKGROUND

This matter arises out of two traffic stops of Plaintiff Deryl Baker ("Plaintiff" or "Baker") by officers of the Stone County, Mississippi, Sheriff's Department. *See* 2d Am. Compl. [52] at 1-2, 4-5. Plaintiff, who is proceeding pro se, alleges that he

was illegally stopped on two occasions and then "maliciously charged" with "driving under the influence" ("DUI") of a controlled substance and "possession of a firearm by a felon [and] possession of marijuana." *Id.* at 7-8 (emphasis removed). Plaintiff filed a Complaint in this Court on July 13, 2020, followed by an Amended Complaint [15] and a Second Amended Complaint [52], which advances claims under 42 U.S.C. § 1983 against Defendants related to the traffic stop, the search of his car, and his arrest. *See id.*

Defendants have filed a Motion [57] for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* Mot. [57]. Defendants argue that "Plaintiff's constitutional claims must be, at a minimum, stayed inasmuch as there are pending criminal charges against him arising out of the very events about which he is complaining in this civil suit," and a judgment in Plaintiff's favor in this case may imply the invalidity of a conviction or sentence in the state criminal proceeding. Mem. [58] at 7 (citing *Wallace v. Kato*, 549 U.S. 384, 384 (2007); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see* Reply [63] at 1. Plaintiff responds that Defendants did not raise the issue of his pending criminal charges in any prior pleading and that the charges are "tainted with deceptive practices" and an "attempt to stage a pending sham proceeding." Resp. [61] at 2. Plaintiff insists that that *Wallace* and *Heck* are inapplicable because there has been no conviction or sentence "that the cause of action would impugn." *Id.* at 3.

## II. ANALYSIS

In *Heck*, the United States Supreme Court held that to recover for damages

for a claim under 42 U.S.C. § 1983 related to conduct that would render a plaintiff's prior criminal conviction or sentence invalid, the plaintiff must first prove that the conviction or sentence has been reversed on direct appeal, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87. Otherwise, such a claim is not cognizable under § 1983. *See id.* at 487.

As far as whether a court should stay a § 1983 action pending the resolution of criminal charges, the Supreme Court has stated that

> if a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace*, 549 U.S. at 393-94 (internal citations omitted); *see also Heck,* 512 U.S. at 487 (recognizing that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings") (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).[1]

The Second Amended Complaint [52] asserts a false-arrest claim, and there

---

[1] The *Colorado River* abstention doctrine permits a court, under "exceptional circumstances," to await the conclusion of state-court proceedings in a parallel case "based upon principles of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Aptim Corp. v. McCall,* 888 F.3d 129, 135 (5th Cir. 2018) (quotations omitted).

does not appear to be any dispute that at least some of the criminal charges for which Plaintiff was arrested have not yet been resolved in state court and remain pending. *See* 2d Am. Compl. [52] at 11-13; *see also, e.g.,* Resp. [62] at 6-7. Although Plaintiff disputes the merits of those state charges, the question of the legitimacy of the pending state criminal charges is not one properly before this Court at this juncture. *See Wallace*, 549 U.S. at 393-94; *see also, e.g.,* Resp. [62] at 7 (referring to "meritlous [sic] pending charges, that are barred by double jeopardy").

Although judgment in Plaintiff's favor on some of his § 1983 claims may not impugn any state-court criminal conviction, it appears that at least one of his claims, for false arrest, would. The Court therefore agrees with Defendants that a stay of this case is warranted, consistent with common practice. *See Wallace*, 549 U.S. at 393-94. The Court finds that, in the interests of judicial economy, efficient management of the litigation, and avoiding duplication of effort and piecemeal litigation, the entire case should be stayed pending final resolution of the state criminal charges related to the incidents at issue in this case. This case will be administratively closed, but nothing contained in this Order constitutes a dismissal or disposition of this matter, and the Court retains jurisdiction to allow either party to file a motion to reopen the case once the state criminal charges are fully and finally resolved.

In light of the stay, Defendants' Motion [57] for Judgment on the Pleadings will be denied without prejudice, with leave to reassert when the case is reopened.

This renders Defendants' Motion [64] to Strike Plaintiff's Surreply [64] moot.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [57] for Judgment on the Pleadings filed by Defendants Jaimie Wabel, Kevin Hines, Kevin Sharpe, and Stone County, MS is **DENIED WITHOUT PREJUDICE**, with leave to reassert when this case is reopened.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [65] to Strike Plaintiff Deryl Baker's Surreply [64] filed by Defendants Jaimie Wabel, Kevin Hines, Kevin Sharpe, and Stone County, MS is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **STAYED and ADMINISTRATIVELY CLOSED** until further Order of the Court. Nothing contained in this Order shall be considered a dismissal or disposition of this matter. The Court retains jurisdiction over the case to allow either party to file a motion to reopen the case once the criminal charges against Plaintiff Deryl Baker arising from the incidents that form the basis of the claims in the Second Amended Complaint [52] are fully and finally resolved.

**SO ORDERED AND ADJUDGED**, this the 12th day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE