IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



Deryl Baker

    . PLAINTFF,                    CIVIL ACTION NO. 1:20-CV-230-HS0-BWR

V.

STONE COUNTY, MS

JAIMIE WABEL
Officer # 10
c/o Stone County Sheriff Department        **JURY DEMAND**
(in her individual and official capacity)

KEVIN HINES
Officer # 15
c/o Stone County Sheriff Department
(in his individual and official capacity)

KEVIN SHARPE
c/o Stone County Sheriff Department
(in his individual and official capacity)

    . DEFENDENTS,

## **PLAINITFF THIRD AMENDED VERIFIED COMPLAINT**

This is a civil rights action seeking redress for the deprivation of fundamental rights guaranteed inter alia, by the United States Constitution. Plaintiff Deryl Baker a Nubian man who committed no wrong, was subject to illegal racial profiling and seizure of his person and automobile, by way of fabricated probable cause by officer Wabel, Sharpe, and Hines, all without just cause or reasonable suspicion.

1

Officer Wabel and Hines was assisted by a supervising officer Kevin Sharpe, who condoned, ratified and supported this manifestly illegal conduct and failed and refused to intervene to stop officer Wabel and Hines, instead he participated in the illegal unconstitutional and outrageous conduct.

## PRELIMINARY STATEMENT

The plaintiff is an activist for the Driving while Black movement in Nashville TN, where a probe into the Davidson County Police department revealed a not so unusual statistic, that black people were 19% of the total population in Davidson County, yet the traffic stops conducted in 2017, 68% were black people. The Department of justice probe into the Ferguson Missouri, police department revealed even worst statistics. The greatest of our evils and the worst of our crimes is public officials who prey upon, and commit horrific crimes against innocent Afrikan people. The abnormal behavior of the defendants, has become the norm within the Stone County Sheriff department, and most major cities throughout the Country. Fabricating probable cause for the purpose of initiating an unlawful stop and seize, is depriving the plaintiff of his inherited rights, supported by the Constitution. The reckless wonton manner in which the defendants conduct their business, is due mostly in part of the state of Mississippi lacking training and proper supervision for their public officers. The defendant state of Mississippi has no training program that addresses racial profiling, and fabricating probable cause for the purpose of unlawful stop and seizure. Two reasons why this psychotic behavior goes undetected
1. The victim is usually poverty stricken with very little knowledge of the corrupt system that violated his rights, so he then gets awarded a public official who represents the state and not the victim. The worthless public official cons the victim into believing he committed a crime and should plead guilty, without even reviewing the case, where evidence clearly shows there was no probable cause to pull the victim over to begin with, and a motion to suppress is warranted. A public defendant procedure is to plead the Afrikan victim regardless if he's innocent, because the plaintiff in the case (the state) pays his salary.

2. The police officers (defendants) know that their fabricated affidavits for cause, will not be challenged, because the attorneys who represent the victims are the gatekeepers for the corrupt system, and the judges are bound by the fabricated affidavits of cause, created by the crooked police officers who initiate the crime as in this instant case.

The challenging of the defendant officer Hines affidavit will give a clear indication of how corrupt and deceitful the defendants are, and how they act in concert, displaying a pattern of criminal racketeering, resulting in deprivation of rights upon the defendant and Afrikan people in General

## PARTIES

1. Plaintiff Deryl Baker is an inhabitant of the land located in the state of Tennessee, with inherent rights, supported by a Constitution.

3. Defendant Stone County, Mississippi (Hereinafter, SCM) is a political subdivision of the state of Mississippi.

4. Defendant Jamie Wabel is an employee of the Stone County Sheriff Department, her actions were outside the scope of her official capacity, and therefore she is being sued in her individual and official capacity. Wabel acted at all times relevant herein under color of Mississippi law in her capacity as agent and employee of SCSD.

5. Defendant Kevin Hines is an employee of the Stone County Sheriff Department, his actions were outside the scope of his official capacity, and therefore he is being sued in his individual and

official capacity. Hines acted at all times relevant herein under color of Mississippi law in his capacity as agent and employee of SCSD.

6. Defendant Kevin Sharpe is an employee of the Stone County Sheriff Department, his actions were outside the scope of his official capacity, and therefore he is being sued in his individual and official capacity. Sharpe acted at all times relevant herein under color of Mississippi law in his capacity as agent and employee of SCSD.

## JURISDICTION AND VENUE

7. The court has personal jurisdiction over Defendants since the torts were committed in Stone County Mississippi.

8. Venue is proper under 28 U.S.C. 139(b)(2), as a substantial part of the events giving rise to the claim, as discussed in the previous paragraph, occurred in Stone County Mississippi.

## FACTUAL ALLEGATIONS

9. On or about March 17, 2019, plaintiff was traveling on wire road in Stone county Mississippi. Officer Jaimie Wabel (badge no. 10, hereinafter officer Wabel) pulled behind the plaintiff, and trailed him for about a mile and a half.

10. Officer Wabel, turned on her emergency lights, pulling the plaintiff over, there was no lawful basis for the stop. she approached the plaintiff automobile and ask; do you know why I pulled you

over, the plaintiff stated he did not, officer Wabel stated she pulled the plaintiff over because he swerved going around a curve.

11. Officer Wabel ask the plaintiff for his driver license and proof of insurance, upon receiving the driver license officer wabel returned to her vehicle. Less than three minutes of the initial stop, Kevin Sharpe was on the scene, indicating that the stop was pre-meditated by officer Wabel and Sharpe. Wabel, exited her vehicle and approached the vehicle that had just pulled up, or already there. and gave him the plaintiffs driver license..

12. Officer Kevin Sharpe approached the plaintiff automobile, and stated that officer wabel claims she smelled Marijuana, and asked to search the plaintiff automobile, plaintiff stated that he wanted to talk to Wabel supervisor, Kevin Sharpe stated he was her supervisor, by this time officer Kevin Hines arrived on the scene, and he approached the plaintiff automobile, and asked if he could search the automobile.

13. After the plaintiff refused to allow the search of his automobile, he was asked by officer Hines to exit his automobile, where officer Hines read the plaintiff his rights and falsely placed him under arrest. Officer Hines and officer Wabel begin to search the plaintiff automobile, while Kevin Sharpe stood and watched.

14. The defendants officer Hines and wabel continued to search the plaintiff automobile intensively, Officer Hines opened the hood of plaintiff automobile, searching in the engine compartment, pulling out back seats, after an hour of searching, and not finding much, the plaintiff was taken to the county jail,

15. At no time during the events at issue was there probable cause or reasonable suspicion that Baker was committing a crime or even a traffic violation.

16. Kevin Sharpe was under a duty to prevent his fellow law enforcement officers from violating Bakers constitutional rights. Kevin Sharpe opportunities to intervene and prevent Bakers rights from being violated, but instead facilitated, participated and supported the violation.

5

## EXHAUSTION AND WAIVER OF THE MISSISSIPPI TORT CLAIMS ACT.

17. The Mississippi Tort Claim Act, herein after ("MTCA") relates to

18. With respect to the MTCA, Baker avers that good cause exists to waive the notice requirement of the MTCA pursuant to Section 11-46-1 of the MTCA.

19. On or about May 23rd 2019, and May 31, 2019 Baker, pro se, filed a Notice of claim against the defendants with the Chancery Court, pursuant to Mississippi code title 11-46-1.

20. On or about June 2, 2019, the plaintiff received a letter from Cannon Cochran Management Services, represented by Mike Tupman as claims consultant Inc. Hereinafter (CCMS). CCMS is a third-party administrator for MASIT, assigned to the case for investigation; claim NO 19F39F974622. MASIT carries the liability insurance for Stone County Mississippi. As of this date CCMS has failed to make a determination of the case.

21. Upon information and belief CCMS is acting in concert with the SCSD, and its legal representatives, intentionally failed to investigate and render a determination on Bakers claims. Knowing that a 180 days toll had begun.

22. Mike Tupman, per phone conversion with Baker, stated that he would do a thermal investigation of Bakers claims, and make a determination. Baker relied upon Mike Tupman words when he stated he would make a determination.

23. on or about August 5, 2019, Baker contacted Mike Tupman, to get an update on the investigation, Mike Tupman stated that the investigation is ongoing, and he would make contact

as soon as its complete. Baker has not heard from Tupman to this very day. The 180 days have tolled.

24. Good cause for waiver of the notice requirement is established by the fact that Baker filed his timely notice of claim pro-se, the authorities who were required to investigate, left Baker with the impression that an investigation would be conducted and a timely decision would be made, in which Baker would have preserved his full ability to advance his claims and complaints.

25. Good cause for waiver is additionally, and independently, established where, as here the corporate authorities of the defendant local Government are alleged, on information and belief to have had actual knowledge of the underlying events within the 180-day period.

26. On information and belief, within the 180-day period, all defendants possessed knowledge of the substantive information required of which notice must be provided under section 46-11-1.

## UNWARRANTED CHARGES SUPPORTED BY
## FABRICATED INVALID AFFADAVITS

27. The plaintiff was maliciously charged with a DUI, possession of a fire arm by a felon, possession of marijuana, and his license were unlawfully taken. by the defendant Hines.

28. The defendant officer Wabel signed a State of Mississippi uniform traffic citation/sworn affidavit indicating that the plaintiff was driving carelessly.(the created probable cause syndrome) Attached as exhibit "A" uniform traffic ticket.

29. The defendant officer Hines signed a citation summons affidavit indicating the plaintiff was charged with possession of marijuana in a motor vehicle. Attached as exhibit "B"

30. The defendant officer Hines signed a State of Mississippi uniform traffic ticket DRIVING UNDER THE INFLUENCE, indicating that the plaintiff was driving:(b) under the influence of any other substance which has impaired such person ability to operate a motor vehicle, and (d) under the influence of any drug or controlled substance, the possession of which is unlawful under the Mississippi controlled substance law. Attached as exhibit "C" uniform traffic ticket, under the influence.

31. The defendant officer Hines created a fabricated affidavit under oath to facilitate his deceitful scheme to intentional deprive the plaintiff of his rights, supported by the constitution. The affidavit states the plaintiff refused a breath test, which is not correct. The plaintiff was never asked to take a test, in fact the subject of alcohol never came up the entire time the plaintiff was being violated. The plaintiff was never informed that if he refused the test his license would be suspended, as the fabricated affidavit indicates.

32. The fabricated affidavit states that the defendant Hines had reasonable grounds and probable cause to believe that the plaintiff had been driving a motor vehicle upon the public highways of the state, while under the influence of intoxicating **liquor** (emphasis added) as indicated.

33. The fabricated affidavit indications are as follows; 1. The plaintiff was driving off road;(Officer Hines arrive on the scene ten to fifteen minutes after the initial stop by officer Wabel. Hines never observed the plaintiff driving.) 2. The smell of alcoholic beverage was present; (Alcohol wasn't found in the plaintiff automobile, and the plaintiff was never charged with an offense related to alcohol.) See exhibit "C" STATE OF MISSISSIPPI UNIFORM TRAFFIC TICKET DRIVING UNDER THE INFLUENCE. The fabricated affidavit doesn't coincide with the driving under the influence ticket, both written by crooked cop Hines. 3. Coordination impaired; (the plaintiff remained in his automobile, until he was ordered out of his vehicle by officer Hines, the plaintiff was then taken to a patrol car, a few feet away, defendant Hines never had the opportunity to view the plaintiff coordination). 4. Eyes dilated; (Hines never submitted a

sobriety test to determine the conditions of plaintiff's eyes.) Attached as exhibit "D" receipt for driver license affidavit.

34. The defendant Hines furthered his scheme to deprive the plaintiff of his constitutional rights when he fabricated a **subject test refused** form to the Mississippi department of public safety for the suspension of plaintiff license without probable cause, or reasonable grounds. Attached as exhibit "E" subject test refusal

## FAILURE TO TRAIN

35. The defendant, SCM failed to adopt a racial profiling policy or training program to deter racial profiling. In accordance with the defendant SOM website, it has no training courses relating to racial profiling. During the plaintiff unlawful incarceration in the Stone county jail, he conducted several interviews with afrikan inmates, out of the ten p erson interview, six were related to constitutional violations. The Mississippi law enforcement officers training Academy, (herein after MLEOTA) falls short of its mission and objective, posted on their website as follows;

**MISSION**
*Pursuant to Section 45-5-1, MS Code of 1972 the mission of the Mississippi Law Enforcement Officers' Training Academy (MLEOTA) is to protect the domestic tranquility and the public safety of the people of Mississippi by sufficiently training law enforcement officers on the state and local levels. By ensuring a documented, well trained law enforcement community, the citizens of the state of Mississippi will have their safety, morals and general welfare protected.*

*OBJECTIVE*

*The objective of MLEOTA is to give Mississippi law enforcement officers the knowledge and skills necessary to professionally perform the duties demanded by today's society. Law enforcement officers must be able to lawfully arrest and present evidence to assist in the successful prosecution of criminals. To accomplish these tasks, officers must have the skills to protect themselves and be able to collect evidence, conduct criminal investigations and write accurate reports. MLEOTA teaches students the skills necessary to accomplish these objectives.*

36. The defendants SCM, failed to train its officers how to lawfully arrest and present evidence to assist in successful prosecution of criminals, instead SCM has an in house policy of fabricating probable cause to directly and intentional deprive Afrikaans, such as the plaintiff of their constitutional rights.

37. According to afrikan citizens interviewed by the plaintiff, section 45-5-1 does not pertain to them, because SCM does not protect the safety, morals and general welfare of non-white citizens. The plaintiff constitutional rights were violated on two separate occasions within a 60 day period while visiting his elderly aunt in Stone County Mississippi.

38. On May 17, 2019, the plaintiff turned onto wire Rd from sweet Beulla Rd. The plaintiff noticed an automobile about a mile or so down the road approaching in his direction, the plaintiff turned onto wire road and proceeded to travel, the automobile eventually caught up with the plaintiff and trailed him for another mile before turning on his lights to pull the plaintiff over. The plaintiff asked the police officer why he was pulled over, the officer replied that the plaintiff ran him off the road, which was a fabricated lie, the officer practice and procedure was similar to officer wabels procedure, fabricated probable cause.

39. The officer ordered the plaintiff out of his automobile, and placed him in a police vehicle while he searched the plaintiff automobile, the officer didn't find anything, wrote the plaintiff a warning and ticket for non- insurance.

40. After the plaintiff noticed a pattern of constitutional violations by the SCSD, he sent a notice, via certified mail and returned the corrupt tickets to the sheriff Mike Farmer, alerting him that his officers had racially profiled the plaintiff on two separate occasions, and both instances fabricated probable cause was created by his officers. Attached as exhibit "F" notice to sheriff & certified mail receipt

41. After the plaintiff sent notice to the Sheriff Mike Farmer, he failed to investigate the allegations, evidenced by the Stone County Justice court notice that a court date was set for the 15th day of July 2020. Attached as exhibit 'G'

42. Stone County Justice court attempt to usurp plaintiff's alleged name; Baker Deryl Lamar for the sum of $100.00 is clear evidence that Mike Farmer failed to investigate the allegations of fabricated probable cause which appears to be a normal policy for Black people. A simple investigation by Mike Farmer, would have determined that the plaintiff allegations were true.

**FIRST CAUSE OF ACTION**
**42 USC § 1983- Deprivation of rights**
**Fourth and Fourteenth Amendment**
**Unlawful search Seizure,**
**as to Wabel and Hines -False Arrest-**
**As to Defendants Hines,**

43. Plaintiff reallege and incorporate the allegations set forth in preceding paragraphs as though fully set forth herewith.

44. Hines, and Wabel violated plaintiffs fourth and fourteenth Amendment rights to be free from unreasonable search and seizure of his property, by searching plaintiff and his automobile, seizing plaintiff's driver license, automobile, and weapon, falsely arresting, and imprisoning without probable cause and a warrant, where plaintiff was not committing or about to commit a crime.

45. Hines violated Bakers rights to be free from false arrest. When he arrested plaintiff without probable cause, prior to searching plaintiff automobile.

46. Wabel had no objectively reasonable basis to believe that Baker had committed any traffic offense. Wabel acted with actual malice in the decision to pull over Baker, the vehicular stop was motivated by an improper motive, *i.e.*, racial profiling or race based discrimination.

47. The traffic stop was at its inception baseless.

48. At all times relevant hereto, Baker had a right clearly established under the Fourth Amendment to the United States Constitution and enforceable against the States through the Due Process Clause of the Fourteenth Amendment to be free from unreasonable searches and seizures. The seizure of Baker while driving violated these rights.

49. On March 17, 2019, Officer Wabel had no articulable facts to support a reasonable suspicion that Baker had engaged, was in the process of engaging, or was about to engage in a violation of the law. Defendant officer Wabel intentionally violated Bakers constitutional rights to be free from unreasonable search and seizure while clothed with the authority of the state under color of law, thereby depriving plaintiff of his rights, when she stopped Baker, and created fabricated probable cause in a sworn affidavit.

50. Defendant officer Hines intentionally violated Bakers constitutional rights to be free from unreasonable search and seizures while clothed with the authority of the state under color of law, when he unlawfully ordered Baker out of his automobile, placing him under arrest, (arrest is a seizure) searching his automobile, seizing his drivers license, weapon, automobile, creating three fabricated sworn affidavits, all actions were taken without probable cause.

51. Defendant Wabel, deprived the Plaintiff of his Right, when Wabel, had no probable cause to stop plaintiff to begin with. The fact that Sharpe was already at the scene, seconds after the stop, is a clear indication that the stop was premeditated.

52. These unlawful actions were done while the defendants employees were clothed with the authority of the state under color of state law with the specific intent to deprive the plaintiff of his constitutional rights to be secure in his property and skin.

53. Plaintiff know that the acts of the Defendants and employees and agents were intentional in failing to protect plaintiff and his property and that, at a minimum, defendants were deliberately indifferent to the likely consequence that Baker would be searched and seized unlawfully, based on the past circumstances of similar constitutional statutory violations of the law.

54. As a direct and proximate consequence of these unlawful acts, plaintiff have suffered damages, including economic and non-economic injuries as a consequence of these violations and continues to suffer and are entitled to compensatory damages and personal injury.

## SECOND CAUSE OF ACTION
## 42 USC § 1983 Liability through,
## Failure to train or supervise
## SCM

55. Plaintiff reallege and incorporate the allegations set forth in preceding paragraphs as though fully set forth herewith.

56. SCM is liable pursuant to 42 USC § for the failure to train their officers not to engage in traffic stops on the basis of racial profiling, by way of fabricated probable cause and affidavits.

57. The failure to train officers against race-based discrimination in traffic stops was so profound that, as part and parcel of the racial profiling stop of Baker, Officer Wabel and Hines did not merely

subject Baker to a traffic stop, but to an act of intentional fabrication of affidavits that can only occur if an officer holds a deep rooted racial bias against the people he is to serve, and believes that his conduct has at least the tacit approval of his employer, that approved conveyed in part by failure to train. Likewise, Sharpes failure to intervene reflects that Hines and Wabels racial profiling and extreme misconduct is not aberrational, but part of a culture and institution which tolerates such conduct. The failure to train officers against racial profiling by SCM and the was a moving force behind the racial profiling, traffic stop, fabricated probable cause, against Mr. Baker The fact that Sharpe was already at the scene, seconds after the stop, is a clear indication that the stop was premeditated.

58. The defendants failed to meet its objective to train its officer on how to lawfully arrest and collect evidence for criminal prosecution. On two separate occasions the plaintiff was stopped by officers who fabricated probable cause to facilitate an unlawful search and seizure. And to further their scheme to deprive, officer Hines and Wabel fabricated affidavits for malicious prosecution.

59. The need for training to prohibit fabricated probable cause, to facilitate searches and seizures is obvious, as the authority granted to police officers to search is subject to limitation without which constitutional violations have occur, there have been a recent report in news media of racial profiling in the state of Mississippi by law enforcement, reflecting use of this tactic is increasing in volume State wide.

*See;* https://apnews.com/d3fe1f862a2749f591fbf786e02f838e

*October 3, 2019*

*JACKSON, Miss. (AP) — A federal judge approved a settlement Thursday in a police racial profiling lawsuit that African American residents filed against a majority-white Mississippi county, and a plaintiff said it will return "humanity" to those subjected to harsh treatment.*

*The American Civil Liberties Union of Mississippi sued Madison County in 2017, saying sheriff's department officers in the Jackson suburb had unconstitutionally targeted black drivers and pedestrians in majority-black neighborhoods and have disproportionately subjected them to searches and seizures.*

60. Notice was sent to the agent SCSD, Mike Farmer (Notice to the agent is notice to the principle) that its officers were participating in a constitutional violation practice, involving police discretion. SCM failure to train constituted deliberate indifference and caused the constitutional violations and injuries complained of herein.

61. The defendants, officer Hines and Wabel, clothed with authority of the state of Mississippi, (acting under color of state law) willful display of reckless racial profiling, fabricating probable cause, and fabricating affidavits, has deprived the plaintiff of his natural rights supported by federal law. Therefore, SCM is liable to Baker under 42 USC 1983.

## THIRD CAUSE OF ACTION
## 42 USC § 1983 Liability in Connection
## with the actions of another
## Supervisory Official
## Kevin Sharpe

62. Plaintiff reallege and incorporate the allegations set forth in preceding paragraphs as though fully set forth herewith.

63. Kevin Sharpe is liable in connection with supervisory official actions, when he intentionally violated Bakers constitutional rights when he acted in concert with wabel as her supervisor, and participated in the racially motivated scheme to deprive Baker of his rights. Sharpe not only engaged in the conduct, he stood by and done nothing as his peers intentionally deprived Baker of his constitutional rights, with deliberate indifference to the consequences.

64. Sharpe arrived on the scene minutes after Baker was pulled over, therefore he had firsthand personal knowledge of the conduct of his officers, and therefore he is liable for their actions under 42 USC.1983.

## FOURTH CAUSE OF ACTION

### Intentional infliction of emotional Distress
### Wabel, Hines, Sharpe

65. The preceding paragraph 1
through _ are incorporated herein by reference.

66. Wabel, Hines, and Sharpe acted intentionally by subjecting Baker to racial profiling, unlawful search and seizure, unlawful arrest and incarceration. The plaintiff has a right to travel without interference due to the color of his skin.

67. Wabel, Hines and Sharpe acted with actual malice in the perpetration of the racial profiling by way of fabricated probable cause and fabricated affidavits for the purpose of depriving Baker of his rights supported by the constitution.

PRAYER FOR RELIEF

68. WHEREFORE, Plaintiff Deryl L. Baker prays for judgment as follows:
a) An award of compensatory damages against , SHARPE, HINES, WABEL and SCSD in an amount to be determined at trial

b) An award of punitive damages against Defendants and SHARPE in an amount to be determined at trial;

c) An award of Plaintiff's costs and reasonable attorneys' fees in this action pursuant to 42 U.S.C. §§ 1983 and 1988;

d) Appropriate injunctive relief, including the implementation of training protocols to prevent and effectively discipline the conduct complained of herein; and,

e) An order granting such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury as to all issues in this case.

Dated: May 24, 2023

Respectfully Submitted,

*Deryl Baker*

1315 Lincoya Bay DR
Nashville TN.
37214.

## CERTIFICATE OF SERVICE

I certify that, on the date set forth below, the foregoing Plaintiffs' Motion for leave to file Amended complaint, was served by first class mail on May 26, 2023, to the following defendants;

WILLIAM R. ALLEN (MSB # 100541)
KATELYN A. RILEY ( MSB# 105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P.O. Box 751
Brookhaven, MS 39602-0751